Turley, J.
delivered the opinion of the court.
Nathaniel W. Seat and John T. Robinson purchased from John W. Moreland, one-fourth part of the steam-boat Little Ben Franklin, at the price of five hundred aud seventy-five dollars, and Moreland agreed to go as Captain of said boat, and to do the best in his power for all concerned, and divide the profits, if any, Seat and Robinson paying their proportionable part of the expenses.
Moreland was prevented by the sickness of his family from going one trip as commander of the boat and entrusted her to another. During that trip the boat was lost; and this action is brought to recover damages from the defendant, sustained, as is alleged, by reason of his neglect in not taking the command of the boat during the trip in which she was lost.
That it was a part of the contract between the plaintiffs and défendant, that he should command the boat, does not admit of controversy; in entrusting her to another, he violated his contract, and is, therefore, responsible to the plaintiffs for whatever amount of damages they may have sustained thereby. What this amount may be, is a question for the jury under the charge of the court.
. The court charged the jury; “That this was an action of as-sumpsit on a contract, and they must look to the testimony and *576 see whether such a contract as that declared on was made between the parties; that if they found it was, they must then enquire whether the defendant had violated it; if he had, they must then enquire into the damages from that violation; if the plaintiffs had suffered no damages thereby, they must find a verdict for the defendant.”
This charge is erroneous. Where no actual loss has been sustained by the violation of a contract, the damages are nominal, but this entitles the plaintiff to a judgment for his costs.
The judgment of the Circuit Court will, therefore, be reversed, and the case remanded for a new trial.